UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARINO RODRIGUEZ RODRIGUEZ,

                 Petitioner,

- against -

**MEMORANDUM AND ORDER**
13-CV-6313 (RRM)

U.S.CITIZENSHIP AND IMMIGRATION
SERVICES and ATTORNEY GENERAL OF THE
UNITED STATES,

                 Respondents.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

On November 14, 2013, petitioner Marino Rodriguez Rodriguez ("Rodriguez") commenced this action against respondents the United States Citizenship and Immigration Services ("USCIS") and the Attorney General of the United States (together, "respondents"). (Doc. No. 1.) Rodriguez, an American citizen, seeks a writ of *mandamus* directing "the government" either to make a "final determination" regarding the immigrant "visa petition" filed by his wife, Yaniri del Carmen Jaquez ("Jaquez"), who is not a citizen, or to have Jaquez's visa petition forwarded from the United States Embassy in the Dominican Republic to the USCIS so that Rodriguez may submit evidence challenging the Embassy's denial of her immigrant visa.

The Court ordered respondents to show cause why a writ of *mandamus* should not be issued, (Doc. No. 8), and respondents filed a response on May 8, 2014, (Doc. No. 13), opposing the requested relief and arguing that the petition should be dismissed pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and (b)(6).

For the reasons set forth below, respondents' application is granted and Rodriguez's petition is DISMISSED.

**BACKGROUND**

This action stems from an I-130 alien relative petition filed by Rodriguez on behalf of his wife, Jaquez. The purpose of an I-130 petition is simply to classify the prospective immigrant or foreign national (*i.e.*, Jacquez) as a relative of the petitioner-citizen (*i.e.*, Rodriguez). *See, e.g.*, *Salem v. Holder*, No. 10-CV-6588 (CJS), 2012 WL 2027097, at *1 (W.D.N.Y. June 5, 2012). The USCIS approved the petition on June 5, 2008, whereupon Jaquez filed an immigrant visa application with the United States Department of State.[1] On August 20, 2009, a consular officer at the United States Embassy in the Dominican Republic ("the Embassy") interviewed Jaquez, who admitted that, as a minor, she had attempted to enter the United States by falsely representing that she was an American citizen. Based on that admission, and pursuant to 8 U.S.C. § 1182,[2] the Embassy denied Jaquez's visa application.

Rodriguez asserts that he learned that his wife's case would then be sent to the USCIS, and that he would allegedly receive a letter from the USCIS affording him an opportunity to submit evidence demonstrating why the Embassy's decision was in error. Rodriguez claims he never received such a letter.[3] Rodriguez has since filed this petition for a writ of *mandamus* seeking the various forms of relief described above. Respondents urge this Court to dismiss

---

[1] Rodriguez confusingly refers to both the I-130 petition and the immigrant visa application as the "visa petition."

[2] "Any alien who falsely represents, or has falsely represented, himself or herself to be a citizen of the United States for any purpose or benefit under this chapter (including section 1324a of this title) or any other Federal or State law is inadmissible." 8 U.S.C. § 1182(a)(6)(C)(ii)(I).

[3] According to Rodriguez's petition, an immigration agency in Brooklyn instructed him to file another I-130 petition on his wife's behalf, and Rodriguez filed a second petition, which the USCIS approved on June 14, 2011. However, upon consulting with an organization in the Dominican Republic known as Emigrantes Unidos, as well as with a legal specialist, Rodriguez learned that the USCIS had erred in approving that second petition because his first petition was still deemed approved. He learned, too, that the Embassy had wrongly denied Jacquez's visa application by failing to consider that she was a minor when she misrepresented herself as an American citizen. Rodriguez contacted the USCIS and the Embassy, requesting that his second I-130 petition be revoked and seeking an opportunity to submit evidence contesting the Embassy's decision to deny his wife's visa application. (Doc. No. 1.)

Rodriguez's petition in its entirety pursuant to Rule 12(b)(1) and 12(b)(6). The Court agrees with Respondents.

## GOVERNING LEGAL STANDARDS

As relevant here, Rule 12(b)(1) governs a motion to dismiss based on the absence of subject matter jurisdiction. Such a motion must be granted if a court "lacks the statutory or constitutional power to adjudicate" a claim. *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000). Because subject matter jurisdiction is a predicate for a federal court to act, the Court must consider that issue before addressing a motion to dismiss for failure to state a claim. *See, e.g.*, *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94–96 (1998). When considering a Rule 12(b)(1) motion, the Court takes as true the factual allegations in the pleadings, but does not draw inferences favorable to the party asserting jurisdiction. *See J.S. ex rel. N.S. v. Attica Cent. Schs.,* 386 F.3d 107, 110 (2d Cir. 2004).

Of course, "[a]lthough a *pro se* plaintiff," like Rodriguez, "must satisfy pleading requirements, the Court is 'obligated to construe a *pro se* complaint liberally.'" *Malachi v. Postgraduate Ctr. For Mental Health*, No. 10-CV-3527 (RRM)(LB), 2013 WL 782614, at *1 (E.D.N.Y. Mar. 1, 2013) (quoting *Harris v. Mills*, 572 F.3d 66, 71–72 (2d. Cir. 2009)). In other words, the Court holds *pro se* pleadings to a less exacting standard than complaints drafted by attorneys, *see Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (citation omitted), and reads such pleadings to "raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (internal citations omitted).

## DISCUSSION

In his petition, Rodriguez requests that "the government" either make a "final determination" regarding the "visa petition" filed by his wife, or have that petition forwarded

from the Embassy to the USCIS.  Rodriguez does not clearly indicate to which respondent he is referring in each alternative request for relief, and his interchangeable use of the term "visa petition" when referring both to his wife's I-130 petition and visa application yields some degree of confusion.  Liberally construed, then, Rodriguez's petition for a writ of *mandamus* could be concerned with directing the USCIS to adjudicate the I-130 petition, or directing the Embassy to adjudicate Jaquez's immigrant visa application.

Each event, though, has already transpired.  The USCIS approved Rodriguez's I-130 petition on June 5, 2008, and the Embassy denied Jaquez's immigrant visa application on August 20, 2009.  The Court cannot mandate that the USCIS or the Embassy take any further action on these matters.  Because the Court cannot order relief under either possible scenario, Rodriguez's requests are moot.  Rodriguez's petition must therefore be dismissed pursuant to Rule 12(b)(1), as the Court lacks subject matter jurisdiction over moot issues.  *See, e.g.*, *Lihua Jiang v. Clinton*, 08-CV-4477 (NGG), 2011 WL 5983353, at *3 (E.D.N.Y. Nov. 28, 2011) ("Plaintiff's claim is thus moot insofar as it seeks a writ of *mandamus* to order Defendants to perform duties they have already performed.  Since a federal court lacks subject matter jurisdiction over moot issues . . . the moot petition for a writ of *mandamus* must be dismissed for lack of subject matter jurisdiction.") (citing *Altman v. Bedford Cent. School Dist.*, 245 F.3d 49, 70 (2d Cir. 2001)).

Moreover, it is possible that Rodriguez may be referring to the *Court* when asking "the government" to favorably adjudicate his wife's status.  If so, the doctrine of consular nonreviewability bars the Court from taking action in this context.  Consular officers are vested with the exclusive power to issue or deny visas.  *See* 8 U.S.C. §§ 1101(a)(9), (16); 1201(a).  The consular nonreviewability doctrine refers to the "principle that a consular officer's decision to deny a visa is immune from judicial review." *Am. Acad. of Religion v. Napolitano*, 73 F.3d 115,

123 (2d Cir. 2009). When a party seeks judicial review of a visa denial, the complaint must be dismissed for lack of subject matter jurisdiction. *See, e.g.*, *Yu Chu Horn v. Goldbeck*, No. 08-CV-3159 (SLT), 2010 WL 2265054, at *3 (E.D.N.Y. May 28, 2010) ("The Court does not have subject matter jurisdiction to review Chen's claims regarding the Guangzhou Consulate's visa denial.").

Alternatively, Rodriguez urges the Court to direct "the government" to forward his wife's visa application from the Embassy to the USCIS so that he has an opportunity to submit evidence contesting the Embassy's denial of that application. Yet Rodriguez does not proffer any facts or law – nor has the Court discovered any – evincing that the USCIS is required, or even permitted, to review an embassy's decision on a visa application. Thus, Rodriguez's request on this score fails to state a plausible basis for relief under Rule 12(b)(6).

One final point is worth noting. As the government asserts, Rodriguez and his wife are not without recourse. Jaquez's immigrant visa application was denied in 2009 pursuant to 8 U.S.C. § 1182(a)(6)(C)(ii)(I), which provides that any alien who falsely represents himself or herself to be an American citizen is barred from the United States. But the statute itself, and the standard that embassies apply in construing it, have both since been relaxed. First, the statute now contains an exception for aliens who were minors at the time of their false citizenship claim – an exception that may apply to Jaquez. *See* 8 U.S.C. § 1182(a)(6)(C)(ii)(II). Second, under the current standard, which is based on guidance from the Department of Homeland Security (issued in December 2012), an alien can be found inadmissible only if he or she *knew* that the claim of citizenship was false. (*See* Respondents' Resp. to Ord. to Show Cause, Appendix C (Doc. No. 13) (affixing 9 Foreign Affairs Manual 40.63 N11).) Indeed, on April 23, 2014, the Embassy invited Rodriguez and Jaquez to file a new visa application. *See Id.*, Appendix. B at ¶ 4.

## CONCLUSION

For the reasons described above, Rodriguez's petition for a writ of *mandamus* is DISMISSED. The Clerk of Court is directed issue judgment accordingly, mail a copy of this Memorandum and Order and the accompanying Judgment to *pro se* petitioner, and close this case.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
      January 5, 2015

_____
ROSLYNN R. MAUSKOPF
United States District Judge